STATE OF MISSOURI, Respondent, v. JOHN DOE, alias JAMES HILL, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. **CRIMES AND PUNISHMENTS: Appellate Practice: No Brief Filed.** Though a criminal appeal is presented on the record only, and no briefs are filed, the Court of Appeals must examine the record for error.

2. **MUNICIPAL CORPORATIONS: Population of City of St. Louis: Judicial Notice: Evidence.** The court will take judicial notice that the city of St. Louis is a city of more than three hundred thousand inhabitants and that the Primary Election Law (Laws of 1901, page 149) is in force therein.

3. **ELECTIONS: Fraudulent Voting: Crimes and Punishments: Information: Sufficiency of.** An information sufficiently charged the offense of fraudulently attempting to vote, within the Primary Election Law (Laws 1901, p. 149), where the offense was charged in the language of the statute, specified the essential details concerning the election, the ward, election district, date, and particular polling place, and substantially charged that accused unlawfully and willfully attempted to vote on the name of a specified person who resided at a specified place as though accused were a duly registered and qualified voter residing at such place, whereas he was not such person.

Appeal from St. Louis City Court of Criminal Correction.—*Hon. Wm. L. Fitzgerald,* Special Judge.

AFFIRMED.

*Harry M. Walsh* for appellant.

*Phillips W. Moss* for respondent.

NORTONI, J.—Defendant was convicted on the charge of attempting to vote at a primary election on the name of another person appearing on the registration books and prosecutes the appeal from that judgment.

It appears no bill of exceptions was taken as to matters occurring at the trial and the record only is before us. No briefs are filed in this court for either party but under the rule which our statutes enjoin, it is the duty of the court to examine the record for error and affirm or reverse the judgment in accordance with the law to the end that no injustice may be done the defendant. In compliance with this duty, we have carefully scrutinized the information and find that it charges substantially defendant unlawfully and willfully attempted to vote on the name of James Hill who resided at 4325a Page avenue in the city of St. Louis as though he, defendant, were a duly registered and qualified voter residing at the number mentioned. Defendant is charged to have represented himself as such James Hill and attempted to vote as though he were the identical person registered from that number, whereas he was not such person at all.

The election at which defendant attempted to vote in the name of another was a primary election held in accordance with our statutes for the purpose of selecting delegates to a congressional convention, thereafter to be held on a date mentioned, in the Eleventh Congressional District of the State, which is within the city. By the act of the Legislature, Laws of 1901 p. 149, a primary election for the purposes necessary to this case is authorized to be held in cities with over 300,000 inhabitants. The court is judicially advised that the city of St. Louis at the date charged in the information was a city of more than 300,000 inhabitants and that the primary election law mentioned was in force therein. By section 12 of the act referred to, to be found in Annotated Statutes of Missouri, 1906, section 7162 (12), authority is given to hold such primary elections for the purpose of electing delegates in the wards or election districts of such city to the convention of the political party involved for the purpose of nominating candidates for Congress. The last and concluding section of the

Primary Election Law of 1901 referred to, which may be found as section 7162 (25), Annotated Statutes of Missouri, 1906, denounces the act of defendant charged in the information and levels its penalties against the same as a misdemeanor. Among other punishments, therein prescribed, is that for such an offense a fine may be assessed against one violating its provisions of not more than five hundred dollars. Among other things, the section referred to denounce as the perpetrator of a misdemeanor any person who, at a primary election of a political party, willfully attempts to vote on any name other than his own, and includes such person within the penalties prescribed.

The information preferred against defendant charges the offense in the language of the statute and besides others above mentioned it points out all of the essential details concerning the election, the ward, election district, the date, particular polling place essential to identify the alleged act and sufficiently notified defendant of the nature and cause of the accusation against him in accordance with the requirements of our Constitution. The information is in all respects formal and concludes with the allegation that defendant's act was against the peace and dignity of the State as prescribed by the Constitution.

The information is in all respects sufficient and no error appears on the face of the record proper, which alone is before us. The defendant was duly arraigned and pleaded not guilty. A jury trial was had and by the verdict a fine of five hundred dollars was assessed against him. On this verdict a valid judgment in regular form was entered and it should be affirmed. It is so ordered. All concur.